NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL G. SZMANIA, | No.   21-36053 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-06228-MLP |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Michelle L. Peterson, Magistrate Judge, Presiding

Submitted September 19, 2023[**]

Before:  D. NELSON, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

Daniel G. Szmania appeals pro se from the district court's judgment

affirming the Commissioner of Social Security's decision denying his application

for disability insurance benefits under Title II of the Social Security Act.  We have

jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).  We review de novo,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

We reject Szmania's contention that the ALJ was not properly appointed under Article II, Section 2, Clause 2 of the United States Constitution, pursuant to *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018), where Szmania does not dispute that the Commissioner ratified the ALJ's appointment prior to Szmania's hearing. *See Carr v. Saul*, 141 S. Ct. 1352, 1357 (2021) (establishing that the Commissioner preemptively resolved any Appointments Clause issues by ratifying the appointments of all SSA ALJs on July 16, 2018).

Substantial evidence supports the ALJ's determination that Szmania did not have a severe impairment or combination of impairments prior to his date last insured. *See Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). The ALJ did not ignore impairments, and substantial evidence supports the ALJ's determination that several of Szmania's conditions were not medically determinable impairments during the period at issue. *See Ukolov v. Barnhart*, 420 F.3d 1002, 1005–06 (9th Cir. 2005) (finding that in the absence of objective diagnostic findings, claimant did not establish a medically determinable impairment).

The ALJ provided clear and convincing reasons to discount Szmania's subjective allegations as inconsistent with Szmania's medical record and work history. *See Ahearn v. Saul*, 988 F.3d 1111, 1117 (9th Cir. 2021) (concluding that claimant's employment history undermined claim of longstanding impairment);

*Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (finding that inconsistent symptom reporting undermined claimant's testimony).

The ALJ provided specific and legitimate reasons to reject opinions from treating psychologist Cynthia Parker and several consulting physicians because they were issued several years after Szmania's date last insured, they do not address Szmania's level of functioning during the relevant period, and the record lacks evidence of functional impairment during Szmania's insured period. *See Ford v. Saul*, 950 F.3d 1141, 1154, 1156 (9th Cir. 2020) (holding that an ALJ may reject an opinion as "inadequately supported by clinical findings" or because it does not "provide useful statements" as to the claimant's degree of limitation (citation and internal quotation marks omitted)). The ALJ did not err in evaluating the opinion of Dr. J.D. Fitterer, a nonexamining medical advisor, where the ALJ accepted Dr. Fitterer's assessment of insufficient evidence as consistent with the record and correctly observed that Dr. Fitterer did not express an opinion as to Szmania's functional ability. *See id.*

The ALJ provided specific, valid reasons to assign little weight to the Department of Veterans Affairs 2017 disability rating because it did not address

Szmania's functional ability during the relevant period; it was based on exams that began several years after Szmania's date last insured; and although his conditions' connection to his military service implied continuity of symptoms, this implication was inconsistent with Szmania's lengthy periods of employment after his military service and with the record evidence from the period at issue. *See Berry v. Astrue*, 622 F.3d 1228, 1236 (9th Cir. 2010) (concluding that the ALJ properly discounted VA disability rating as inconsistent with the record).

The ALJ provided a germane reason to discount a lay witness statement from Szmania's girlfriend because it lacked information concerning the relevant period. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (establishing that an ALJ must provide germane reasons to discount lay witness evidence).

The ALJ did not err by failing to develop the record. *See Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001) (explaining that a duty to develop the record "is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence"). Because the ALJ did not err at step two, and substantial evidence supports the ALJ's step two determination, the ALJ did not err by not proceeding to further steps in the sequential analysis. *See Ukolov*, 420 F.3d at 1003 ("If a claimant is found to be disabled or not disabled at any step in the sequence, there is no need to

21-36053

consider subsequent steps." (citation and internal quotation marks omitted)).

Szmania's request for a refund of monies paid into the Social Security system is not properly before us. *See* 42 U.S.C. § 405(g).

**AFFIRMED.**